FREIDELL WINERY COMPANY, Appellant, Respondent, *v.* THE STATE OF NEW YORK, Respondent, Appellant.

Third Department, January 16, 1925.

**Intoxicating liquors** — claim against State for excise tax and volume taxes paid under Laws of 1920, chapter 911, which was declared unconstitutional and repealed — Laws of 1923, chapter 841, conferred jurisdiction on Court of Claims to order and determine claims of persons who paid excise and volume taxes under said unconstitutional statute, and to render judgment in favor of claimants who established claims satisfactorily — provisions of statute are mandatory — claimant is entitled to recover both excise and volume taxes paid.

The claimant is entitled to recover from the State both the excise tax and the volume taxes paid by it, under chapter 911 of the Laws of 1920, which was subsequently declared unconstitutional and repealed, since chapter 841 of the Laws of 1923, which conferred jurisdiction on the Court of Claims to order and determine claims of persons who paid excise and volume taxes, contains mandatory provisions to the effect that the Court of Claims shall award to and render judgment to any claimants whose claims under that statute are satisfactorily established; the contention by the State that, although the excise tax was illegal, the volume taxes were legal and should not be repaid, cannot be sustained.

APPEAL by the claimant, Freidell Winery Company, from so much of a judgment of the Court of Claims, rendered on the 2d day of June, 1924, as dismisses claimant's claim, in so far as it seeks to recover the amount of volume taxes paid by the claimant pursuant to the provisions of section 9-a of the former Liquor Tax Law, as added by chapter 911 of the Laws of 1920.

Appeal by the defendant, The State of New York, from so much of said judgment as awards the claimant $250, with interest, for moneys paid by the claimant as excise taxes pursuant to the provisions of section 8 of the former Liquor Tax Law, as added by chapter 911 of the Laws of 1920.

*Goodbody, Danforth & Glenn* [*Garrard Glenn, Edward Schoeneck, William B. Walsh* and *William L. Glenn* of counsel], for the claimant.

*Carl Sherman, Attorney-General* [*A. M. Sperry, Deputy Attorney-General,* of counsel], for the defendant.

McCANN, J.:

The State Legislature by chapter 911 of the Laws of 1920 enacted a law, known as the Walker-Walters Act, the caption of which is as follows: " An Act prohibiting the manufacture, sale, transportation, importation, and exportation of intoxicating liquors for beverage purposes, providing a penalty therefor, in relation to traffic in certain non-intoxicating beverages, and amending the Liquor Tax Law and adapting the provisions of such chapter to conform to the Eighteenth Amendment to the Constitution of the United States."

Such statute, by amendment of section 2 of the former Liquor Tax Law, defined " intoxicating liquors " as " liquors containing more than two and seventy-five hundredths per centum of alcohol by weight," and " non-intoxicating beverages " as " liquors containing not more than two and seventy-five hundredths per centum of alcohol by weight, and used or intended to be used for beverage purposes." The term " liquors " included " all distilled or rectified spirits, wine, fermented and malt liquors containing at least one-half of one per centum of alcohol by weight." The act thus provided for the sale and distribution of liquors of greater alcoholic content than permitted by the Eighteenth Amendment of the Constitution of the United States and by the so-called " Volstead Act " of Congress, which is more correctly known as the National Prohibition Act. (See 41 U. S. Stat. at Large, 305, chap. 85, as amd.) It was in conflict with the said United States Constitution and the Volstead Act all of which was determined in the decisions rendered by the United States Supreme Court (*Rhode Island* v. *Palmer*, 253 U. S. 350; *Jacob Ruppert* v. *Caffey*, 251 id. 264). Under section 8 of the former Liquor Tax Law, as added by chapter 911 of the Laws of 1920, the claimant herein upon the payment of $250 excise tax, was authorized to traffic in liquors under the provisions of such chapter. Among other provisions of the said law was section 9-a *et seq.* of the former Liquor Tax Law, as added by chapter 911 of the Laws of 1920, which provided for a " volume tax," requiring that on all sales of certain bulk quantities, which quantities were graduated by the language of the section, there should be a tax paid known as the " volume tax," also graduated, the payment of which should be evidenced by stamps which were to be purchased from the State of New York. In pursuance of the " excise tax " paid by and the liquor tax certificate issued to the claimant, it proceeded to distribute and sell liquors and to purchase and use stamps as provided for in said law. By chapter 155 of the Laws of 1921, known as the State Prohibition Act, the provisions of chapter 911 of the Laws of 1920 were repealed. By chapter 338 of the Laws of 1921 provision was made for the redemption of

all unused volume tax stamps purchased. By chapter 841 of the Laws of 1923 the Court of Claims was given jurisdiction to hear, audit and determine the claims against the State of persons and corporations who paid excise taxes and of those who paid *volume* taxes pursuant to the provisions of sections 8 and 9-a of the Liquor Tax Law, as added by chapter 911 of the Laws of 1920. The claimant herein presented and had redeemed under chapter 338 of the Laws of 1921, unused stamps of the value of $20.70. It presented its claim to the Court of Claims for the sum of $250, being the amount of the excise tax paid by it, and for the sum of $148.60, with interest, for repayment of the *volume* taxes paid by it under such statute for stamps which had been used. The Court of Claims rendered judgment in favor of the claimant, refunding the excise tax of $250, but denied to the claimant the right to recover the moneys paid for volume tax stamps. From this judgment both parties have appealed. The language of chapter 841 of the Laws of 1923 is sufficient to sustain the claimant's position. No opinion was written in the Court of Claims. That court held, however, that it was legal to collect the volume tax although it was illegal to enforce the excise tax. This position is not consistent. The parties hereto entered into a stipulation which appears in the printed record to the effect that " all sales made by said claimant upon which the aforesaid taxes were paid, were made in compliance with the National Prohibition Act of the United States Government (commonly known as the Volstead Law) and the regulations thereunder." The Supreme Court of the United States has declared such sales as were authorized by chapter 911 of the Laws of 1920 to be illegal. It cannot be held that the provisions of such law were severable to the extent that the payment of the volume tax was constitutional and legal while the imposition of the excise tax was unconstitutional and illegal. To sustain the contention of the State in this matter would be to hold that while the State of New York could not collect an excise tax upon sales of liquor as provided under chapter 911 of the Laws of 1920, it could nevertheless impose a volume tax if such illegal sales were in sufficient quantities. Such act provides for two taxes, one a license based upon the condition of a right to sell, the other conditioned upon and measured by the amount of such sales. The latter right falls without the former. Furthermore the State gave nothing in return for the tax received. If the sales were as " stipulated " no additional right was granted for which a tax might be required. As stated in claimant's brief: " The Attorney General, as we understand his view, concedes that the Walker-Walters Act is invalid insofar as it attempts to authorize the sale of any 2.75% drink. But he says that the

volume tax and the license tax imposed by the State remain of force as a tax on the production or sale of any liquor so far as that sale may be lawful under the Volstead Law; and, as the claimant's sales were lawful because made under license of the prohibition authorities under the Volstead Law (fol. 35) he claims that the Walker-Walters Act remains in force as to them. He thus attempts to separate the 2.75% feature of the Walker-Walters Act from all other features of it, and to leave it in effect as a taxing law; the tax falling on such sales as might be valid under the Volstead Law."

It is clear that such distinction cannot be made. Voluminous briefs have been submitted upon the effect of the Eighteenth Amendment to the United States Constitution, of the Volstead Act and of the decisions of the United States Supreme Court, but it is unnecessary to refer to them further in order to sustain the contention of the claimant on this appeal. The language of chapter 841 of the Laws of 1923, section 1, gives the Court of Claims jurisdiction to " hear, audit and determine the claims of all persons and corporations who paid excise taxes and the claims of those who paid volume taxes pursuant to the provisions of sections eight and nine-a of the former Liquor Tax Law." Section 2 provides that " the Court of Claims *shall award* to and render judgment for any claimants whose claims hereunder are satisfactorily established." The provisions of this statute are mandatory and require the Court of Claims to render judgment both for *excise* and *volume* taxes collected, conditioned only upon the satisfactory establishment of the validity of such claims. The stipulation of the parties hereto fixes the amount of excise tax and volume tax paid together with the date of the payment.

The judgment of the Court of Claims should be modified by providing for the repayment to the claimant of the amount of the volume tax paid by it together with interest upon the various amounts from the dates of such payments as appears in the stipulation. The judgment should be modified by striking out the last paragraph and inserting in place thereof the following:

Ordered and adjudged, that the Freidell Winery Company, the above-named claimant, recover herein against the State of New York the sum of $169.30 representing the amount paid by said claimant to the State of New York as volume taxes pursuant to the provisions of section 9-a of the former Liquor Tax Law, as added by chapter 911 of the Laws of 1920, with interest upon $149.30 from July 27, 1920, to June 2, 1924, amounting to the sum of $34.48, and on $20 from March 18, 1921, to June 2, 1924, amounting to the sum of $3.86, less the sum of $20.70 heretofore paid to claimant, or a total of $186.94 in full settlement of said claim, and

It is further ordered and adjudged, that the claimant recover the costs of this action.

The judgment as so modified should be affirmed.

Judgment modified as per opinion, and as so modified unanimously affirmed, with costs to the claimant.